# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION
# Civil Action No. 7:24-cv-1112

**TIMOTHY HANKINS,**
    **Plaintiff,**

**v.**

**WELLS FARGO BANK, JAMES R. LEVINSON, etal.,**
    **Defendants.**

**MEMORANDUM IN SUPPORT OF LEVINSON'S MOTION TO DISMISS PURSUANT TO 12(b)(1) & 12(b)(6)**

_____

    Defendant, James R. Levinson, by and through the undersigned counsel and pursuant to Local Rule 7.2, hereby submits this memorandum of law in support of his Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## Nature of the Case

    This twenty-nine (29) page Complaint, filed *pro se* on 13 December 2024, purports to invoke the jurisdiction of this Court under 28 USC §1331 (federal question), 28 USC §1332 (diversity), 28 USC §1343 (civil rights), 28 USC §1348 (banking associations), 21 USC §848 (continuing criminal enterprise), 18 USC §1961(5) (pattern of racketeering activity), and 18 USC §1595 (civil remedy for violations of 18 U.S. Code Chapter 77**)** brought by a former member of several limited liability companies shared with his ex-wife alleging a cause or causes of action against the State of North Carolina, its Attorney General, its capital city, its elected District Attorney, Wake County and its Family Court case manager, a town, a supermarket, a hospital, four (4) banks, an insurance company, an association of lawyers, one (1) current District Court Judge, one (1) former District Court Judge and current lawyer, one (1) former lawyer, and twelve (12) current lawyers. According to the Complaint, Plaintiff's claim or claims arose when the

above engaged in a wide-ranging conspiracy amongst most or all of the defendants. As to Defendant James R. Levinson, it is alleged that then-Judge Denning allowed Ms. Hankins to seize money "obtained through bank fraud … using 610 [East] Martin St." (Complaint p. 6). According to the Complaint, Levinson conspired with two (2) lawyers, a Judge, and a Bank to sell 610 East Martin Street for $346,000.00 on 15 December 2017 (Complaint p. 19). The Complaint appears to seek money damages although no specific relief is sought (Complaint p. 28).

## Statement of Facts

It is difficult to ascertain the facts alleged in the Complaint. There appears to be twenty-nine (29) defendants that Plaintiff seeks to weave into a theory of conspiracy lasting "more than two decades" (Complaint p. 3) beginning with Ms. Hankins' immigration to the United States in 2002. In 2018 and 2019, Plaintiff raises the same or similar claims as in the United States Bankruptcy Court in 18-03044-5-DMW. In that case, the Court relied upon the Trustee's Statement of Investigation filed on 23 January 2019 (hereinafter the "Trustee's Report") finding Plaintiff's claims largely without merit and finding no impropriety with the actions of Levinson. A true and accurate copy of the Trustee's Report, without attachments, is attached hereto and incorporated herein by reference. In the Order Dismissing Case, Judge Warren noted "The filings grew more numerous and incomprehensible as this case aged." (18-03044-5-DMW p. 2, footnote 1). Ultimately, the Court dismissed Plaintiff's bankruptcy case.

In the instant case, as in 18-03044-5-DMW, Plaintiff alleges

1. That Defendant, now-disbarred attorney David Shearon (hereinafter "Shearon") counseled Ms. Hankins in contravention of Plaintiff's interests (Complaint p. 4, and 8-9);
2. That a bank furthered Ms. Hankins' fraud (Id.);

3. That Shearon's insurance company failed and refused to compensate Plaintiff (Complaint pp. 4-5.);

4. That a hospital ignored the intentional poisoning of Plaintiff's children by Ms. Hankins (Complaint p. 5);

5. That a then-Judge failed to protect Plaintiff's children (Id.);

6. That Shearon, lawyers (not Levinson), and a bank alleged fraudulent loans upon a property in 2003 (Complaint p. 7);

7. That several lawyers, including Levinson, conspired to sell a property owned by a company owned by Plaintiff and Ms. Hankins in 2017 (Complaint pp. 7-8);

8. That a Judge interfered with Plaintiff's parenting (Complaint p. 8);

9. That three (3) Judges informed Plaintiff that North Carolina "does not afford nor recognize US Constitutional Law and the Civil Rights Act of 1964 to black men." (Complaint p. 9) among other threats from the bench (Complaint p. 10);

10. That a grocery store was involved in requiring Plaintiff to repay certain loans (Complaint p. 11) and allowing another person to work in Plaintiff's name from 2007 through 2016 (Complaint pp. 12-13);

11. That unnamed defendants stole the proceeds of real estate development between 1996 and 2006 (Complaint p. 12);

12. That the Town of Garner (Wake County) conducted an improper investigation and subsequently arrested Plaintiff in 2012 (Complaint pp. 14-16);

13. That a then-Judge, a case manager, a court administrator, and several lawyers (not Levinson) obstructed justice (Complaint p. 16);

14. That four (4) lawyers (not Levinson) failed to properly represent Plaintiff or conspired with each other, resulting in Ms. Hankins obtaining full custody of Plaintiff's children in 2021 and the State Bar did not provide Plaintiff with the assistance or the outcome Plaintiff desired (Complaint p. 17-18);

15. That Levinson conspired with two (2) other lawyers, a then-Judge, and a bank to sell 610 East Martin Street (Complaint pp. 19-20);

16. That Ms. Hankins stole money from Plaintiff for two (2) decades (Complaint p. 21);

17. That the elected DA of Wake County and the State Bar did not protect Plaintiff as Plaintiff desired (Id.);

18. That Plaintiff was afraid for his safety of and that of his children so Plaintiff fled (Complaint p. 22);

19. That an attorney (not Levinson) forged Plaintiff's signature in 2015 (Complaint p. 22);

20. That two (2) attorneys (not Levinson) conspired to obtain the conveyance of 610 East Martin Street and the theft of the proceeds in 2015-2016 with the contemporaneous or later conspiracy of two (2) additional attorneys (not Levinson) (Complaint pp. 22-23);

21. That a bank refused to honor a subpoena (Complaint p. 23);

22. That a lawyer (not Levinson) misrepresented a deed to 610 East Martin Street to the Bankruptcy Court and conspired with another lawyer (not Levinson) and in 2018 Plaintiff "filed a petition" regarding same and the State Bar did not take the action desired by Plaintiff (Complaint p. 24);

23. That a bank allowed Ms. Hankins to open accounts in company names (Complaint p. 25);

24. That in 2020 a lawyer misrepresented Plaintiff's actions to the Court, that a judge threatened Plaintiff, and that Plaintiff filed a petition with the North Carolina Industrial

Commission and a complaint with the North Carolina Department of Justice but the judge terminated Plaintiff's contact with Plaintiff's children (Id.);

25. That the governor and the attorney general of North Carolina allowed the conspiracy and actions outlined above (Complaint p. 26);

26. That the State of North Carolina facilitated theft of Plaintiff's home (Complaint p. 27).

Plaintiff concludes by requesting only:

1. Order the Clerk of Court to mail a "Waiver of Service" to defendants (Complaint p. 28);

2. Order the defendants answer within sixty (60) days of the date of filing (Id.);

3. Default be entered against non-answering defendants (Id.);

4. A trial by jury (Id.);

5. The assistance of the United States Marshal in locating and serving Shearon (Id.);

6. Compliance with subpoenas issued by Plaintiff (Id.).

## Standard of Review

Plaintiff's claims as to Levinson fail under both Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. "When a defendant makes a facial challenge to subject matter jurisdiction, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009) *quoting* Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982). Further, "[a] motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N. Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) *citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) *quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In reviewing the legal sufficiency of a complaint, the Court views the complaint in the light most favorable to the non-moving party. Mylan Lab'ys, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). While the Court must accept the factual allegations contained in the complaint as true, Erickson v. Pardus, 552 U.S. 89, 93-34 (2007) the court is not required to accept legal conclusions couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986). "Courts cannot weigh the facts or assess the evidence at this stage, but a complaint entirely devoid of *any* facts supporting a given claim cannot proceed." Potomac Conf. Corp. of Seventh-day Adventists v. Takoma Acad. Alumni Ass'n, Inc., 2 F. Supp. 3d 758, 768 (D. Md. 2014).

## Argument

In the instant matter, the Complaint is entirely devoid of any facts supporting any claim against Levinson and cannot proceed. Levinson's arguments for dismissal pursuant to both Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure arise under five (5) categories; (i) matters previously reviewed by the United States Bankruptcy Court, (ii) the statute of limitations, (iii) standing, (iv) Plaintiff's failure to allege sufficient facts to appropriately raise a claim upon which relief can be granted by the Court, and (v) Plaintiff's failure to request relief.

## Trustee's Report

Plaintiff's claims have been thoroughly investigated by Nicholas C. Brown as Trustee for the Bankruptcy Court pursuant to Sections 1106(a)(3) and 1106(a)(4) (hereinafter the "Trustee"), and the Trustee's Report contains multiple exhibits and a recitation of the process undergone in the investigation. Of note, as to Levinson, the Trustee reviewed the transaction complained of by Plaintiff as to 610 East Martin Street in 2017. There, the Trustee noted that Plaintiff alleged "that James Levinson, a former attorney for [Plaintiff], was complicit in the fraud" of attorneys McGraw and Mann. While the Trustee does not note any complaint to the North Carolina State Bar against Levinson, the Trustee found that State Bar grievances were filed by Plaintiff in 2018 against Mann and McGraw and each was dismissed after investigation. (Trustee's Report paragraphs 43 and 44).

The Trustee's Report goes into some detail regarding the transaction that is the basis of Plaintiff's allegations against Levinson. The Trustee found that:

> 77. In or around December 2017, Omar Construction & Trucking entered into an agreement to sell 610 East Martin Street for $346,000.00.
>
> 79. {Plaintiff} contends that, upon learning of the injunction (issued by the Family Court), [Plaintiff] refused to attend the closing of 610 East Martin Street or sign any documents transferring title.
>
> 80.b. The deed contains [Plaintiff]'s signature which was acknowledged by a notary.
>
> 80.c. [Plaintiff] also signed a Closing Disclosure in connection with the sale.
>
> 80.d. The sale proceeds are being held in escrow by the closing attorney's office pending direction from [the Bankruptcy Court].

93.b. … [Plaintiff] transferred several properties owned by him individually to Omar Construction & Trucking… including 610 East Martin Street…

Ultimately, the Trustee found no evidence of fraud and made recommendations to the Bankruptcy Court that acted accordingly. Plaintiff seeks to relitigate this matter after having the matter entirely investigated and litigated in the Bankruptcy Court. Plaintiff has failed to allege any new or different facts provided to the Bankruptcy Court and the Trustee, and Plaintiff's claims against Levinson are subject to dismissal for this and other reasons as outlined herein.

### Statute of Limitations

The last date of any action by any defendant complained of by Plaintiff is 17 February 2020, although Plaintiff asserts "the last offence was about 2021" (Complaint p. 2). The instant action was filed on 13 December 2024, more than four (4) years after the date of the last action. Plaintiff attempts to elude the applicable Statute of Limitations by alleging a ten (10) year statute of limitations pursuant to 18 USC §1595. Plaintiff misstates the appropriate time because Plaintiff does not allege facts supporting:

1. 18 USC §1581 – Peonage; obstructing enforcement - Peonage is a system of involuntary servitude where a worker is forced to work to pay off a debt or obligation to their employer. Plaintiff does not allege Plaintiff is or was an employee of any defendant.

2. 18 USC §1582 – Vessels for slave trade – Plaintiff does not allege any person was procured from any foreign kingdom or country to be held, sold, or otherwise disposed of as a slave.

3. 18 USC §1583 – Enticement into slavery – Plaintiff does not allege any person was kidnapped, enticed, persuaded, or induced to go to any place with the intent that he or she may be made or held as a slave.

4. 18 USC §1584 – Sale into involuntary servitude – Plaintiff does not allege any person was held or sold into any condition of involuntary servitude. Involuntary servitude is the act of forcing someone to work against their will through the use of force, fraud, or coercion. The work can be paid or unpaid, and the person has little control over their working conditions.

5. 18 USC §1585 – Seizure, detention, transportation or sale of slaves – Plaintiff does not allege any person was detained or transported as a slave on board any vessel.

6. 18 USC §1586 – Service on vessels in slave trade – Plaintiff does not allege any person was transported from any foreign country or that there was the use of any vessel.

7. 18 USC §1587 – Possession of slaves aboard vessel – Plaintiff does not allege any person was transported or that there was the use of any vessel.

8. 18 USC §1588 – Transportation of slaves from the United States – Plaintiff does not allege any person was transported or that there was the use of any vessel.

9. 18 USC §1589 – Forced labor – Plaintiff does not allege any person obtained the labor or services of Plaintiff in any manner within the meaning of this statute.

10. 18 USC §1590 – Trafficking with respect to peonage, slavery, involuntary servitude, or forced labor – Plaintiff does not allege any person was recruited, harbored, or transported and Plaintiff does not allege Plaintiff labor or services to any defendant within the meaning of this statute.

11. 18 USC §1591 – Sex trafficking of children or by force, fraud, or coercion – Plaintiff does not allege any person was engaged in any commercial sex act.

12. 18 USC §1592 – Unlawful conduct with respect to documents in furtherance of trafficking, peonage, slavery, involuntary servitude, or forced labor – Plaintiff does not

allege any person was in possession of any actual or purported passport or other immigration documents.

13. 18 USC §1593 – Mandatory restitution – Requires restitution for any offense under this chapter.

14. 18 USC §1594 – General provisions – Provides for criminal penalties for attempts and conspiracies to violate this chapter.

The statute of limitations under N.C. Gen. Stat. Ann. §1-49, §1-50, §1-51, §1-53, §1-54, §1-55, and §1-56 are inapplicable leaving the three (3) year statute of limitation proscribed in N.C. Gen. Stat. Ann. §1-52 for actions sounding in statutory liability (N.C. Gen. Stat. Ann. §1-52(2)) or fraud (N.C. Gen. Stat. Ann. §1-52(9)) or assault, battery, or false imprisonment (N.C. Gen. Stat. Ann. §1-52(19)). The cause of action generally accrues when the injury becomes apparent or should reasonably have become apparent to the claimant. Boyd v. Sandling, 210 N.C.App. 455 (2011). While the appropriate statute of limitations bars Plaintiff's claims in their entirety, specifically as to Levinson, Plaintiff alleges that Plaintiff was aware of Levinson's actions regarding 610 East Martin Street as early as early as 2017 (seven (7) years (Complaint pp. 19-20)). Plaintiff does not allege any further actions of Levinson following the sale of 610 East Martin Street in 2017 and Plaintiff's conversation with Levinson following same, (Complaint p. 20) demonstrates Plaintiff's actual knowledge of the transfer.

Plaintiff has failed to allege actions within the appropriate statute of limitations and Plaintiff's claims against Levinson are subject to dismissal for this and other reasons as outlined herein.

## Standing

Plaintiff's sole claim against Levinson is the transaction deeding the property located at 610 East Martin Street (hereinafter the "Property") from O'Mar Construction & Trucking, LLC (hereinafter the "Company") to Cathleen Coneghen. Plaintiff's signature for the Company was notarized by Wesley Black, Notary Public, under the following statement:

> I, Wesley Black, a Notary Public, certify that Timothy O. Hankins personally came before me this day and acknowledged that he is Member/Manager of O'Mar Contraction & Trucking, LLC a North Carolina LLC, and that he, being authorized to do so, executed the foregoing on behalf of the limited liability company.

Plaintiff lacks standing to assert any claim regarding the transfer of the Property. In North Carolina, a limited liability company (hereinafter "LLC") is recognized as a separate legal entity from its members and the LLC itself, not its individual members, owns its claims and assets. Campbell v. Campbell, 241 N.C.App. 227 (2015). Individual members of a limited liability company do not have the authority to unilaterally assert claims on behalf of the company without proper authorization. Hamby v. Profile Products, L.L.C., 361 N.C. 630 (2007). The courts of the United States have found similarly. SS Richmond LLC v. Harrison, 640 F.Supp.3d 453 (2022) (any claim regarding an LLC's assets must be pursued by, and in the name of, the LLC, even if the LLC has only a single member) and Green v. Blake, 406 F.Supp.3d 984 (2019) (claims for breaches of fiduciary duty, conversion, and failure to account, which affect the LLC as a whole, must be pursued by the LLC or by a member acting on the LLC's behalf, not by the member in an individual capacity).

To establish standing under Article III of the United States Constitution, Plaintiff must demonstrate (i) injury in fact, not conjectural or hypothetical, ensuring the Plaintiff has a personal stake in the outcome of the controversy, Meyer v. McMaster, 394 F.Supp.3d 550 (2019); (ii) causation, the injury must be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court, Nelson v.

Warner, 472 F.Supp.3d 297 (2020); and (iii) redressability, it must be likely, and not merely speculative, that the injury will be redressed by a favorable decision from the court. Id. and Bishop v. Bartlett, 575 F.3d 419 (2009). The Plaintiff bears the burden of establishing these elements at the pleading stage and throughout the litigation. Bradacs v. Haley, 58 F.Supp.3d 499 (2014) and Arndt v. Government Employees Insurance Company, --- F.Supp.3d ---- (2024).

Plaintiff has failed to allege appropriate standing for any discernable claim and Plaintiff's claims against Levinson are subject to dismissal for this and other reasons as outlined herein.

**Plaintiff's failure to allege sufficient facts to appropriately raise a claim upon which relief can be granted by the Court**

Plaintiff's Complaint references numerous federal statutes in an effort to state a claim upon which relief might be granted by this Court however, most of those statutes do not provide for a private cause of action.

There is no private cause of action for violations of 21 U.S.C. § 848. U.S. v. Van Nguyen, 602 F.3d 886 (2010) (abrogated as to forfeiture holdings).

There is no private cause of action for violations of 28 U.S.C.A. § 1331. The mere fact that a federal statute has been violated does not automatically give rise to a private cause of action. The statute must either explicitly create a right of action or implicitly contain one. Without congressional intent to create a private cause of action, one does not exist, and courts may not create one. Lowe v. ViewPoint Bank, 972 F.Supp.2d 947 (2013.

There is no private cause of action for a violation of 28 U.S.C. § 1332. The statute itself does not provide for a private right of action, and the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person. Cannon v. University of Chicago, 441 U.S. 677 (1979) and Grant v. City of

Roanoke, 265 F.Supp.3d 654 (2017).

There is no private cause of action for a violation of 28 U.S.C.A. § 1343. Section 1343 is a jurisdictional statute granting federal district courts original jurisdiction over certain civil rights actions, but it does not create substantive rights or causes of action on its own. Clear Sky Car Wash, LLC v. City of Chesapeake, Va., 910 F.Supp.2d 861 (2012).

There is no indication that 28 U.S.C. § 1348 provides a private cause of action. The statute primarily addresses the jurisdiction of federal courts over cases involving national banking associations, equating their jurisdiction to that of state banks in similar circumstances. Mercantile Nat. Bank at Dallas v. Langdeau, 371 U.S. 555 (1963).

Courts have consistently held that unless a criminal statute explicitly provides for a private right of action, individuals cannot sue for civil damages based on violations of that statute. United States ex rel. Angel v. Scott, 697 F.Supp.3d 483 (2023). However, violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) 18 U.S.C.A. § 1964(c) allow any person injured in his or her business or property by reason of a violation of RICO's substantive provisions to sue for treble damages. Buchanan County, Virginia v. Blankenship, 496 F.Supp.2d 715 (2007). However, Plaintiff fails to allege facts supporting such a claim other than the inclusion of multiple defendants to whose actions Plaintiff objects.

There is no private cause of action for violations of 18 USC 1961(5) as it simply defines "pattern of racketeering activity".

There is no private cause of action for violations of North Carolina General Statute Chapter 77. N.C.G.S.A. § 58-58-320 explicitly states that "nothing in this Part shall be construed to create or imply a private cause of action for a violation of this Part." N.C.G.S.A. § 58-58-320.

There may be a private cause of action for unconstitutional acts by an individual under

certain circumstances, primarily through 42 U.S.C.A. § 1983. However, Plaintiff does not raise such claims nor does Plaintiff allege facts that would support such.

There is a private cause of action for a violation of 18 U.S.C. § 1595 and the statute of limitations for same is ten (10) years. This provision ensures that victims of trafficking have a substantial period to bring a civil action against their perpetrators. However, to maintain such an action, Plaintiff must be a victim of a violation of 18 U.S.C. § 1595, which includes various offenses such as sex trafficking and forced labor. Doe #1 v. MG Freesites, LTD, 676 F.Supp.3d 1136 (2022). Plaintiff's Complaint alleges only that Plaintiff was forced to continue working, not for any defendant, but simply in order to earn funds to pay for living expenses. Such a claim is inactionable.

When stripped of its conclusions, legal or otherwise, Plaintiff's complaint fails to establish that Plaintiff was a victim of human trafficking, or that Plaintiff was injured in any manner other than by his own actions. Plaintiff has failed to allege sufficient facts to appropriately raise a claim upon which relief may be granted by the Court and Plaintiff's claims against Levinson are subject to dismissal for this and other reasons as outlined herein.

### Plaintiff's failure to request relief

Plaintiff simply fails to request relief. Plaintiff's twenty-nine (29) page Complaint does not request any relief from Levinson, not of any other defendant. Although a complaint that fails to request specific relief but otherwise states a valid claim should not be dismiss it solely on that basis, it is a factor which the Court should consider.

### Conclusion

Plaintiff has failed to state any cognizable claim against Levinson, including matters previously reviewed by the United States Bankruptcy Court, the applicable statute of limitations,

Plaintiff's lack of standing, Plaintiff's failure to allege sufficient facts to appropriately raise a claim upon which relief may be granted by the Court, and Plaintiff's failure to request relief. Accordingly, the Court should dismiss Plaintiff's claim(s) against Levinson in their entirety and with prejudice.

    Levinson also requests that the Court consider, in its discretion, awarding Levinson costs including a reasonable attorneys' fee pursuant to 42 U.S.C. § 1988(b) for the costs incurred in Levinson's defense of this action.

    Respectfully submitted this 29th day of December 2024.

BY: /s/ Walter A. Schmidlin<br>
Attorney for Levinson<br>
Stewart, Schmidlin, Bullock, & Gourley, PLLC<br>
115 S. Third Street<br>
P.O. Box 120<br>
Smithfield, North Carolina 27577<br>
Telephone: (919) 989-9258<br>
E-mail: Walter@StewartandSchmidlin.com<br>
North Carolina State Bar No.: 26714

CERTIFICATE OF SERVICE

   I hereby certify that on the 29th day of December, 2024 I electronically filed the foregoing with the Clerk of Court using the CM-ECF System that electronically notifies of such filing the following pursuant to Rule 5 of the Federal Rules of Civil Procedure and Local Rule 5.1:

Timothy Hankins
60 Randolphville Rd. NE
Bolivia, NC 28422
hankinsomar@gmail.com

Roger A. Askew
Wake County Attorney's Office
Post Office Box 550
Raleigh, NC 27602
Roger.Askew@Wake.Gov


This the 29th day of December 2024,

By: /s/ Walter A. Schmidlin, III
Stewart, Schmidlin, Bullock, & Gourley, PLLC
Attorney for Levinson
115 South Third Street
Post Office Drawer 120
Smithfield, North Carolina 27577
Telephone: 919.989.9258
E-mail: Walter@StewartandSchmidlin.com
