IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION No. 7:24-cv-1112

| | |
|---|---|
| TIMOTHY HANKINS,<br>    Plaintiff<br><br>v.<br><br>WELLS FARGO BANK et al.,<br>    Defendants | MEMORANDUM IN SUPPORT OF<br>DEFENDANT [1] JENNIFER<br>PORTER'S MOTION TO DISMISS |

The North Carolina State Bar's Office of Counsel, on behalf of State Bar Senior Deputy Counsel Jennifer Porter, submits this memorandum of law in support of Porter's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## NATURE OF THE CASE

In his 13 December 2024 complaint, Plaintiff purports to bring claims against approximately thirty defendants. The nature of those claims is unclear: Although the caption indicates Plaintiff seeks relief under 42 USC § 1983, 18 USC §§ 241-242, and 18 USC § 1589, the complaint itself states that this Court "has jurisdiction to hear the matter pursuant to" 28 USC §§ 1331-32, 28 USC § 1343, 28 USC § 1348, "any provision of Chapter 77 of the US Criminal Code," 21 USC § 848, and 18 USC §

---

[1] Although Porter was not named as a defendant in the caption of this case, she was served with a summons and a copy of Plaintiff's 13 December 2024 Complaint and therefore seeks dismissal of any claims for which she may be considered a defendant in this action.

1

1961(5). Only occasionally does the Plaintiff specify which claims are being asserted against which defendants.

Jennifer Porter, Senior Deputy Counsel for the North Carolina State Bar, is not among the named defendants in the case caption, but a summons was issued to Porter and she was listed on Plaintiff's "Attachment for Additional Defendants." [D.E. 1, p. 3] Plaintiff indicated that the annotation "O&PC" next to Porter's name on the list of defendants is meant to convey that he is suing Porter personally and in her official capacity as an employee of a state agency. The summons and complaint were sent to Porter via certified mail and delivered to the North Carolina State Bar on 19 December 2024. Agency staff responsible for handling incoming mail signed for the certified mail. On 31 December 2024, a copy of a document captioned "3rd Amended Complaint" was delivered via regular mail to Porter at the State Bar's address. This Court's docket reflects that this document is actually a Motion for Leave to Amend Complaint and Add Defendants. [D.E. 21]

## STATEMENT OF THE FACTS

Plaintiff's complaint contains wide-ranging, vague, and unintelligible allegations of purported malfeasance by the State of North Carolina, several municipalities, State, county, and local officials, approximately a dozen lawyers, four banks, an insurance company, and Whole Foods Market, among others.

Pertinent to this motion, Plaintiff's complaint alleges generally that he filed grievances about several lawyers with Porter's employer, the North Carolina State

Bar, and the State Bar "refused to take action." In the entirety of the complaint, the only reference to Porter is in what appears to be a partial sentence at the end of the following passage: "One other thing that lawyers will do is use signatures other than the intended purpose. Their clients think they are buying a property or doing some other business when the lawyer is moving with the intent to steal a signature to steal their home or other valuable property. The State of NC allows this when it is Black men being injured. Jennifer Porter with the NC State Bar discussed this[.]" [D.E. 1, p. 24] Similarly, in the document entitled "3rd Amended Complaint" Plaintiff references Porter only once as follows: "The State Bar does not investigate felonious activity by Court officers. That was told to me in a letter written by Jennifer Porter of the NC State Bar." [D.E. 21, p 3]

## ARGUMENT

To the extent Plaintiff's complaint actually asserts any claims against Porter, those claims fail under Rule 12(b)(6). "In evaluating a complaint's sufficiency, [the Court must] construe the allegations and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Just Puppies, Inc. v. Brown*, No. 21-2170, 2024 WL 5063822, at *3 (4th Cir. Dec. 11, 2024). Nonetheless, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the

3

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Plaintiff's complaint does not indicate which of the myriad referenced federal statutes he contends Porter violated, nor does it allege any act or omission by Porter that could conceivably give rise to any federal claim in her personal or official capacity.

"Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165, (1985). "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Even in the light most favorable to the Plaintiff, the bare allegation that Porter "discussed" something[2] cannot establish that she violated a clearly established statutory or constitutional right while acting under color of state law. The same is true of the lone allegation involving Porter in the document captioned "3rd Amended Complaint" (that Porter purportedly sent a letter telling Plaintiff that the State Bar does not investigate felonious activity by officers of the court). Although it is demonstrably untrue that

---

[2] The sole sentence fragment referencing Porter is ambiguous about what exactly she purportedly "discussed," and provides no context regarding when or with whom the alleged discussion occurred. The dearth of context also makes it impossible to determine whether Plaintiff's "claims" against Porter were filed within applicable statutes of limitations.

4

the State Bar does not undertake such investigations, *see, e.g.*, N.C. Gen. Stat. § 84-28(b)(1) ("conviction of, or a tender and acceptance of a plea of guilty or no contest to, a criminal offense showing professional unfitness" shall be grounds for professional discipline of an attorney); N.C. R. Prof'l Conduct 8.4(b) ("It is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer"), even if Porter had sent such a letter, that act would not violate Plaintiff's clearly established statutory or constitutional rights.

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Graham,* 473 U.S. at 165 (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978)). "[I]n an official-capacity action . . . a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation . . . ; thus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." *Id.* at 166 (internal citations omitted). Plaintiff does not allege that the governmental entity of which Porter is an agent, the North Carolina State Bar, has any policy or custom that played a part in a violation of federal law. He has failed to state a claim against Porter in her official capacity.

Plaintiff's contention that Porter "discussed" something does not constitute a claim upon which relief can be granted under any of the statutes cited by Plaintiff or

5

Case 7:24-cv-01112-M-KS    Document 47    Filed 01/09/25    Page 5 of 7

any other legal theory.[3] Accordingly, Porter requests that—to the extent she is deemed a defendant in this action—this Court enter an order dismissing all claims against her.

Respectfully submitted this 9th day of January, 2025.

/s/ Carmen H. Bannon, Counsel
North Carolina Bar #33998
The North Carolina State Bar Office of Counsel
P.O. Box 25908
Raleigh, NC 27611
Email: cbannon@ncbar.gov
Telephone: (919) 719-9283

---

[3] Likewise, in the event Plaintiff is granted leave to amend the complaint to include the allegations contained in the document captioned "3rd Amended Complaint," Porter's alleged transmission of a letter to Plaintiff indicating the State Bar does not investigate felonious conduct by officers of the court would not support any legal claim upon which relief can be granted.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION No. 7:24-cv-1112

| | |
|---|---|
| TIMOTHY HANKINS, | ) |
|    Plaintiff | ) |
| v. | ) |
| | ) |
| WELLS FARGO BANK et al., | ) |
|    Defendants | ) |

### CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

I hereby certify that the foregoing Memorandum in Support of Motion to Dismiss complies with the 8,400-word limit imposed by Local Rule 7.2(f)(3) in that the Memorandum is 1,467 words in length.

    Respectfully submitted,

    /s/ Carmen H. Bannon, Counsel
    The North Carolina State Bar

### CERTIFICATE OF SERVICE

I hereby certify that on 9 January 2025, I electronically filed the foregoing Memorandum in Support of Motion to Dismiss with the Clerk of the Court using the CM-ECF system and have verified that on 23 December 2024 *pro se* Plaintiff Timothy Hankins consented to receiving electronic service of documents in this matter via CM-ECF.

    Respectfully submitted,

    /s/ Carmen H. Bannon, Counsel
    North Carolina Bar #33998
    The North Carolina State Bar Office of Counsel
    P.O. Box 25908
    Raleigh, NC 27611
    Email: cbannon@ncbar.gov
    Telephone: (919) 719-9283