IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NO.: 7:24-cv-01112-M

| | | |
|---|---|---|
| TIMOTHY OMAR HANKINS SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT TOWN OF GARNER'S** |
| | ) | **MEMORANDUM OF LAW IN SUPPORT** |
| WELLS FARGO BANK, et al., | ) | **OF MOTION TO DISMISS** |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on a motion by Defendant Town of Garner for entry of an Order dismissing Plaintiff's claims against it, pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(5), and 12(b)(6). For the reasons set forth below, Plaintiff's claims should be dismissed with prejudice.

## NATURE OF THE CASE

On December 13, 2024, Plaintiff filed a Complaint against multiple defendants, including the Town of Garner. [Compl., D.E. 1.] Plaintiff's Complaint alleges facts related mainly to alleged mortgaged property and business acts that he claims were unlawfully committed by various attorneys, judges and banking institutions. Additionally, Plaintiff's Complaint alleges one unrelated claim, which is unclear but appears to be directed at the Town of Garner, concerning events alleged to have occurred in December 2011 and early 2012, approximately 13 years ago. *Id.*

The Summons and Complaint were sent by Plaintiff via certified mail, without signature, to the Town Attorney for the Town of Garner, Terri Jones. An envelope containing the Summons and Complaint was received by Ms. Jones on or about December 19, 2024. Plaintiff also filed a document entitled "Amended Complaint" on December 19, 2024, but this filing does not contain any allegations or claims against the Town of Garner. [D.E. ¶ 6.]

Defendant Town of Garner has timely moved to dismiss Plaintiff's Complaint and this motion is ripe for adjudication.

## STATEMENT OF ALLEGED FACTS

Plaintiff's Complaint is not the model of clarity, but the facts alleged against the Town of Garner are limited to the following.  In December 2011, Plaintiff rented commercial property he owns located at 411 Loop Road in Garner, North Carolina to a tenant.  Plaintiff alleges the tenant failed to pay rent in December 2011 and January 2012 and engaged in illegal activities on the premises. [D.E. 1 ¶ 6.] Plaintiff states that he contacted the Garner Police Department to investigate the situation. *Id.*  Plaintiff further alleges there was equipment on the property and that he was advised by the Town of Garner police officers to tow the equipment from the property. *Id.* According to Plaintiff, it was later learned the equipment was "stolen" equipment and ultimately it was found in Brunswick County, North Carolina. *Id.* Plaintiff claims he asked the Brunswick County Sheriff's Office to investigate the stolen equipment. *Id.* According to Plaintiff, the Brunswick County Sheriff's Office found the equipment and returned it to its rightful owner.  *Id.*

Plaintiff then alleges that three months later, in early 2012, he was arrested by Town of Garner police officers for possession of stolen property pursuant to a warrant. *Id.* Plaintiff alleges he was detained for several days and transferred to Brunswick County before the charges were ultimately dismissed. *Id.*  Finally, Plaintiff alleges Brunswick County officials failed to release his bond when the charges were dismissed. *Id.*

## LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(5) addresses insufficiency of service of process, while a motion under Rule 12(b)(2) challenges the court's personal jurisdiction over a defendant. A motion to dismiss under Rule 12(b)(5) "challenge[s] the sufficiency of service

of process[,]" including a defect in the service or lack of delivery. *Richardson v. Roberts*, 355 F. Supp. 3d 367, 370 (E.D.N.C. 2019); *see also*, 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004). Once the sufficiency of service of process is challenged by a motion to dismiss, Plaintiff must establish that service of process was effectuated in accordance with Rule 4 of the Federal Rules of Civil Procedure. *Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 304 (4th Cir. 2016) (per curiam) (citing *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010)); *Elkins v. Broome*, 213 F.R.D. 273, 276 (M.D.N.C. 2003).

"When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989) (citing 2A Moore's Fed. Prac. ¶ 12.07[2.2]).

A motion under Rule 12(b)(6) addresses the failure to state a claim upon which relief can be granted. In considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must determine whether the complaint is legally and factually sufficient. Fed. R. Civ. P. 12(b)(6); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Although a court must liberally construe a pro se plaintiff's allegations, it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. *Johnson v. BAC Home Loans Servicing. LP*, 867 F.Supp.2d 766, 776 (E.D.N.C. 2011).

Each basis for dismissal is addressed below.

## <u>ARGUMENT</u>

**I.  Plaintiff's Claim Against the Town of Garner Should Be Dismissed for Insufficient Service of Process.**

Federal Rule of Civil Procedure 4(j)(2) governs service of process on local government entities and requires that service be effectuated by "delivering a copy of the summons and complaint to the entity's chief executive officer" or by serving the entity in accordance with state law. In North Carolina, service on municipalities is governed by N.C. Gen. Stat. § 1A-1, Rule 4(j)(5). This rule provides that service must be made by hand delivering the summons and complaint to the mayor, city manager, or city clerk, or by sending the documents to one of those individuals via certified or registered mail, return receipt requested, with a delivery receipt from an authorized individual.

Here, Plaintiff attempted to serve the Town of Garner by sending the Summons and Complaint via certified mail to the Town Attorney, Terri Jones.  It was received by Ms. Jones on December 19, 2024. (*See* Exhibit A).  The attempted service on Ms. Jones, however, is not proper under Federal Rule 4(j)(2).  The Town Attorney is not one of the individuals authorized to accept service on behalf of a town or municipality.  Plaintiff did not serve the Mayor for the Town of Garner, who is the town's chief executive officer under North Carolina law. N.C. Gen. Stat. § 160A-1(6).  Plaintiff also did not serve the town manager or city clerk, as is required under North Carolina law.  Furthermore, there is no indication that Ms. Jones signed for the documents, as required to complete service via certified mail. The lack of a signed delivery receipt and the improper designation of the recipient renders the attempted service invalid.

Plaintiff is proceeding pro se. Nonetheless, he must comply with the Federal Rules of Civil Procedure. *See, e.g., Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149–52 (1984) (per curiam); *Cherry v. Spence*, 249 F.R.D. 226, 228 (E.D.N.C. 2008). Courts in the Fourth

Circuit have consistently emphasized that "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored . . .." *Armco, Inc. v. Penrod-Stauffer Bldg. Systems, Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984); *Saimplice v. Ocwen Loan Servicing Inc.,* 368 F. Supp.3d 858, 864-65 (E.D.N.C. 2019) (court dismissed Complaint where pro se plaintiff failed to properly serve defendant under rules). Accordingly, this matter should be dismissed pursuant to Rule 12(b)(5) for insufficient service of process.

## II. The Court Lacks Personal Jurisdiction Over the Town of Garner.

It is well-established that proper service of process is a prerequisite to personal jurisdiction over a defendant. Plaintiff's failure to properly serve the Town of Garner deprives this Court of personal jurisdiction over the Town of Garner. *See, e.g.*, *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (noting that service of process is essential to establish personal jurisdiction); *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998) ("Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant.") (citing *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). Additionally, "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 345 (1999). Thus, because service was not proper, a dismissal pursuant to Rule 12(b)(2) for lack of personal jurisdiction is also warranted.

## III. Plaintiff's Claims Against the Town of Garner are Barred by the Applicable Statute of Limitations.

The face of Plaintiff's Complaint specifically alleges that any events involving the Town of Garner occurred between December 2011 and early 2012. [D.E. 1 ¶ 6.] While the precise legal basis of Plaintiff's claims against Defendant Town of Garner is difficult to

discern from the face of the Complaint, it appears that Plaintiff is asserting claims under 42 U.S.C. § 1983. As there is no federal statute of limitations specifically applicable to suits brought under § 1983, "it is the rule that the applicable 'provision limiting the time in which an action [under § 1983] must be brought, must be borrowed from the analogous state statute of limitations.'" *Bireline v. Seagondollar*, 567 F.2d 260, 262 (4th Cir. 1997), quoting *Cox v. Stanton*, 529 F.2d 47, 49 (4th Cir. 1975). The statute of limitations for claims under 42 U.S.C. § 1983, which appears to be the basis of Plaintiff's allegations, is three years in North Carolina pursuant to N.C. Gen. Stat. § 1-52(5). *Natl. Advert. Co. v. City of Raleigh*, 947 F.2d 1158, 1162 (4th Cir. 1991). Additionally, to support dismissal for failure to state a claim, "a statute of limitations defense must clearly appear on the face of the complaint." *Diop v. BMW of N.A., LLC*, 511 F. Supp. 3d 679, 684 (E.D.N.C. 2021). Here, it is clear from the Complaint that Plaintiff's claims are brought well outside the applicable limitations period.

Plaintiff filed his Complaint on December 13, 2024, nearly 13 years after the alleged events. Accordingly, the claims are time-barred and must be dismissed with prejudice. Plaintiff's assertion that "there is no statute of limitations on unconstitutional acts and or unlawful seizures" is legally incorrect. [D.E. 1 ¶ 1.] Case law clearly applies a statute of limitations to constitutional claims brought under § 1983, and here adopting the limitations period for personal injury claims in the State of North Carolina as that is where the claim arose.

## CONCLUSION

For the above-stated reasons, the motion to dismiss filed by Defendant Town of Garner should be GRANTED and Plaintiff's claims should be dismissed with prejudice.

This the 9th day of January, 2025.

CRANFILL SUMNER LLP

BY:     /s/ James C. Thornton
        JAMES C. THORNTON
        N.C. State Bar No. 16859
        E-mail: jthornton@cshlaw.com
        ALIYAH S. ADAMS
        N.C. State Bar No. 58756
        Email: aadams@cshlaw.com
        Post Office Box 27808
        Raleigh, North Carolina 27611-7808
        Telephone:  919-828-5100
        *Attorney for Defendant Town of Garner*

CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2025, I electronically filed the foregoing *Memorandum of Law in Support of Motion to Dismiss* with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to counsel of record and the pro se plaintiff:

Timothy Omar Hankins Sr.
Email: hankinsomar@gmail.com
*Pro Se Plaintiff*

CRANFILL SUMNER LLP

BY:    /s/ James C. Thornton
        JAMES C. THORNTON
        State Bar No. 16859
        E-mail: jthornton@cshlaw.com
        Post Office Box 27808
        Raleigh, North Carolina 27611-7808
        Telephone: 919-828-5100
        *Attorney for Defendant Town of Garner*