IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:24-cv-1112-M

| | |
|---|---|
| TIMOTHY HANKINS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ZURICH NORTH AMERICA, et al., )<br>)<br>Defendants ) | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JENNIFER R. SMITH'S MOTION TO DISMISS** |

Defendant Jennifer R. Smith, in support of her contemporaneously filed Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), respectfully shows the Court as follows:

NATURE OF THE ACTION

Defendant Jennifer R. Smith is an attorney licensed to practice law in the State of North Carolina and formerly represented Plaintiff in connection with his divorce, child custody, and equitable distribution claims brought by his former spouse, Sardia Marie Porter Hankins. Plaintiff's Complaint falsely accuses Defendant Smith of forging his signature on court documents [D.E. 1, p. 24, subparagraph h.], but does not (a) identify the forged documents, or (b) explain how the alleged forgeries fit in with his theory of damages. Moreover, Plaintiff's allegations are not new, and have already been repudiated by the North Carolina State Bar.

To add clarity to Mr. Hankins' cryptic and muddled allegations, he is referring to his signature indicating his consent to Ms. Smith's December 3, 2015, "Consent Motion to Withdraw as Counsel" and "Order Allowing Consent Motion to Withdraw as Counsel" in (1) *Sardia Marie Porter Hankins v. Timothy Omar Hankins, Sr.*, Wake County File No. 14 CVD 8806 ("the Underlying Action")[See **Exhibit A** and **Exhibit B**, attached hereto – handwriting

belonging to Plaintiff], and (2) *Sardia Hankins v. Timothy Hankins*, Wake County File No. 15 CVD 7476 ("Equitable Distribution Action")[ See **Exhibit C** and **Exhibit D**, attached hereto]. The signature on each consent motion is genuine, as is Plaintiff's signature on both orders, and Ms. Smith was allowed by the court to withdraw as Plaintiff's attorney in the Underlying Action "with the exception of any duties related to entering the outstanding Order resulting from the hearing held in August 2015." Defendant Smith sought and obtained final permission to withdraw in the Underlying Action from Judge Michael Denning on April 11, 2016 [See **Exhibit E** and **Exhibit F**, attached hereto]. Moreover, Defendant Smith withdrew officially from representing Plaintiff in the Underlying Action at Plaintiff's express instruction, after *he* ended the representation. After Defendant Smith withdrew, Plaintiff filed a "Notice of Unauthorized Signature" with the Court in the Underlying Action. [See **Exhibit G**, attached hereto].

At some point thereafter, Plaintiff filed a grievance against Ms. Smith with the North Carolina State Bar, alleging there, as here, that forgery and some sort of a conspiracy with opposing counsel caused him to suffer damages. After investigating Plaintiff's allegations, the State Bar Grievance committee "determined there was not probable cause to believe [Ms. Smith] violated the Rules of Professional Conduct and dismissed the grievance." [See **Exhibit H**].

Plaintiff's claims lack a factual basis, or any real relationship with reality. Moreover, the acts complained of occurred more than eight years before Plaintiff initiated this lawsuit. Ms. Smith is not responsible for whatever position Plaintiff finds himself in, and this lawsuit should be dismissed.

STATEMENT OF FACTS

Plaintiff's former spouse, Sardia Marie Porter Hankins, filed the Underlying Action on July 2, 2014, seeking custody, child support, post-separation support and alimony. In 2015, Ms.

2

Hankins filed the Equitable Distribution Action, asserting claims for breach of contract, and equitable distribution. Defendant Smith was Plaintiff's second attorney in the Underlying Action and the Equitable Distribution, appearing after his original attorney, Mary Gurganus, withdrew as his counsel. Ms. Smith was the first attorney to represent Plaintiff in the Equitable Distribution Action. Plaintiff hired Ms. Smith and her law firm, The Doyle Law Group, PA, in July of 2015. Officially, Ms. Smith represented Plaintiff from July 2015 until March 31, 2016, when she was formerly allowed by Court order to withdraw as Plaintiff's counsel in both the Underlying Action and the Equitable Distribution Action. In reality, the representation ended much earlier – November of 2015 – when Plaintiff fired Ms. Smith and her firm.

While engaged as his attorney of record, Ms. Smith represented Plaintiff in a hearing in the Underlying Action on permanent custody, temporary child support and post-separation support, and before the hearing, working with Plaintiff to create an accurate financial affidavit in the Equitable Distribution Action. Plaintiff's final invoice from Doyle Law Group was dated December 31, 2015. With the end of the representation, Doyle Law Group returned to Plaintiff the balance of his funds previously maintained in the firm's trust account.

On March 30, 2016, Defendant Smith moved to withdraw as counsel for Plaintiff without limitation in both the Underlying Action and the Equitable Distribution Action. [See **Exhibit E**]. With the motion to withdraw, Ms. Smith served a notice of hearing and calendar request upon Plaintiff on March 31, 2016. [See **Exhibit I** and **Exhibit J**, attached hereto]. The notice of hearing identified April 11, 2016, courtroom 2D, beginning at 9:00 a.m. as the time and place for the hearing. Plaintiff did not appear. Judge Michael Denning allowed the motion to withdraw, signed an order to that effect on April 11, 2016, and that same day Ms. Smith served Plaintiff with a copy of the signed and filed order. [See **Exhibit K**, attached hereto].

3

ARGUMENT

I. STANDARD OF REVIEW

"[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Francis v. Giacomelli*, 588 F.3d 193 (4th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)). Further, where an affirmative defense appears on the face of the complaint, such as the statute of limitations, dismissal pursuant to Rule 12(b)(6) is proper. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). The court "need not accept the [plaintiff's] legal conclusions drawn from the facts," and need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006) (internal citations omitted). "[W]hile pro se complaints may represent the work of an untutored hand requiring special judicial solicitude, a district court is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them." *Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

A claim is stated sufficient to defeat a Rule 12(b)(6) motion "if the complaint contains sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, a court is bound to accept all well-pled facts as true and to construe those facts in the light most favorable to the plaintiff; but no such obligation exists for "legal conclusions, elements of a cause of action, … bare assertions devoid of further factual enhancement[,] … unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 5912 F.3d 250, 255 (4th Cir. 2009). The standard requires a plaintiff to demonstrate that he or she has stated a claim that

4

makes it plausible that he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).

II. **PLAINTIFF'S COMPLAINT FAILS TO STATE A COGNIZABLE, COHERENT CLAIM FOR RELIEF AGAINST MS. SMITH.**

While detailed factual allegations are not required, the *Iqbal* standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. Plaintiff's Complaint does not come close to meeting standard. Moreover, reference to the pleadings in the underlying action reveals that the forgery Plaintiff complains of is nothing other than his signature on consent orders allowing Ms. Smith to withdraw as his counsel – something that the trial judges did without limitation several months later. Taking the paucity of factual allegations in the pleadings, and comparing them to documents of record in the both the Underlying Action and the Equitable Distribution Action, it is manifest that Plaintiff's pleadings fail to state a claim upon which relief may be granted as it relates to Defendant Smith.

In *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), the Supreme Court said that on a Rule 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." The Fourth Circuit wrote in *Philips v. Pitt County Mem. Hosp.*, that in reviewing a Rule 12(b)(6) dismissal, we may properly take judicial notice of matters of public record." 572 F.3d 176, 180 (4th Cir. 2009). In *Halscott Megaro, P.A. v. McCollum*, the Fourth Circuit included a decision of a North Carolina State Bar Disciplinary Hearing Commission as a record or matter of which the trial court could take judicial notice without converting a motion to dismiss into one for summary judgment. 66 F.4th 151, 158-159 (4th Cir. 2023).

In his Complaint, Plaintiff alleges:

> h. Jennifer R. Smith, forged my name on court orders entered about late 2015. This was one of the hardest things that I had to deal with, knowing that my attorney would and could forge my name on court orders.
>
> [D.E. 1, p. 24]
>
> - Mr Axford, Mrs Murphy, Mrs Smith were my attorneys. Reckless disregard for the facts, they refused to get Mrs Hankins financial information. I had to issue subpoenas myself. I obtained enough of the information to prove they were all conspiring using the family court. ***
>
> I. By June 2016, Jennifer Smith had forged my name on Court orders.
>
> [D.E. 1, p. 25].

Plaintiff's Complaint does not allege what damages, if any, he suffered as a result of the alleged "forgery". Moreover, from the face of the documents attached as exhibits to this memorandum, it is obvious that Plaintiff could not have suffered any damages whatsoever even if they bore "forged" signatures. As this Court is well aware, a federal court, when properly considering a state law claim, is bound to apply the substantive law of the place where the wrong occurred. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487 (1941). Under North Carolina law, in order for a former client to state a claim against an attorney, he or she must satisfy the standard in *Rorrer v. Cooke*, 313 N.C. 338, 329 S.E.2d 355 (1985).

Attorneys are bound by North Carolina law to represent a client "with such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in the performance of the tasks which they undertake." *Id*. at 356, 329 S.E.2d at 366. "The standard is that of members of the profession in the same or similar locality under similar circumstances." *Ibid*. "An attorney who acts in good faith and in an honest belief that his advice and acts are well founded and in the best interest of his client is not answerable for a mere error of judgment or for a mistake in a point of law which has not been settled by the court of last

6

resort in his State and on which reasonable doubt may be entertained by well-informed lawyers." *Id.* at 341, 329 S.E.2d at 358.

Beyond the standard of care, *Rorrer* also outlines what is necessary to establish proximate cause. to prove proximate cause, the burden is upon Plaintiff to prove that "but for the attorney's negligence plaintiff would not have suffered the loss … : (1) the original claim was valid; (2) it would have resulted in a judgment in his favor; and (3) the judgment would have been collectible." *Rorrer v. Cooke*, 313 N.C. 338, 361, 329 S.E.2d 355, 369 (1985). Essentially, "[a] plaintiff alleging a legal malpractice action must prove a "case within a case," meaning a showing of the viability and likelihood of success of the underlying action." *Kearns v. Horsley*, 144 N.C. App. 200, 211, 552 S.E.2d 1, 8, *disc. rev. denied*, 354 N.C. 573, 559 S.E.2d 179 (2001). See also, *Byrd v. Arrowood,* 118 N.C. App. 418, 421 (1995)(summary judgment entered for defendant where plaintiff "failed to show that she **would have won** the underlying case" (emphasis added)); *Kearns v. Horsley*, 144 N.C. App. 200, 211-12 , 552 S.E.2d 1, 8-9 (even where a defendant-attorney allows a plaintiff-client's claim to become time-barred, to meet her burden in a malpractice claim, the plaintiff-client must establish she would have recovered in her underlying claim if the claim had been filed within the statute of limitations); *Rorrer, supra*, (summary judgment for defendant affirmed where plaintiff's expert's affidavit did not aver that but for the defendant-attorney's negligence, plaintiff would have prevailed in the underlying case and did not contain specific facts suggesting how plaintiff's outcome at trial would have been better had defendant handled the matter differently.).

Plaintiff has not, and cannot, plausibly allege that the "forgeries" changed the outcome of the Underlying Action or Equitable Distribution Action. The "forgeries" themselves were only on motions and orders allowing Ms. Smith to withdraw as counsel. Even after the initial motions

and orders to withdraw, Judge Denning allowed Ms. Smith's motions to withdraw, finding good cause to allow Ms. Smith to be relieved of her duties to Plaintiff. There are no allegations that Ms. Smith's withdrawal changed the outcome of the case. Moreover, Judge Denning's order in April of 2016 allowing Ms. Smith to withdraw, even without Plaintiff's consent, is a bar to whatever damage, if any, the alleged "forged" signatures caused.

Accordingly, Plaintiff's Complaint fails to state a claim upon which relief may be granted, and should be dismissed as to Defendant Jennifer Smith.

III. PLAINTIFF'S CLAIMS AGAINST DEFENDANT SMITH ARE BARRED BY THE APPLICABLE STATUTE OF REPOSE.

As set forth above, a federal court, when properly considering a state law claim, is bound to apply the substantive law of the place where the wrong occurred. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487 (1941). Statutes of repose are considered substantive law. *Goad v. Celotex Corp.*, 831 F.2d 508, 511 (4th Cir. 1987). The accepted statute of repose for legal malpractice claims in North Carolina is N.C. Gen. Stat. § 1-15(c). *Goodman v. Holmes & McLaurin*, 192 N.C. App. 467, 665 S.E.2d 526 (2008). The statute provides:

> Except where otherwise provided by statute, a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action: Provided that whenever there is bodily injury to the person, economic or monetary loss, or a defect in or damage to property which originates under circumstances making the injury, loss, defect or damage not readily apparent to the claimant at the time of its origin, and the injury, loss, defect or damage is discovered or should reasonably be discovered by the claimant two or more years after the occurrence of the last act of the defendant giving rise to the cause of action, suit must be commenced within one year from the date discovery is made: Provided nothing herein shall be construed to reduce the statute of limitation in any such case below three years. Provided further, that in no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action:

Principally, because Defendant Smith, by order of the Court, ceased her professional service to Plaintiff in April of 2016, any cause of action would be barred by the four-year statute of repose. *Goodman*, 192 N.C. App. at 473-74, 665 S.E.2d at 531.

Plaintiff complained about the alleged "forgeries" in August of 2016. The North Carolina State Bar dismissed his grievance in 2016. He did not file this action until 2024. Even accepting Plaintiff's allegations as true – on their face they are barred by the applicable statute of repose, and should be dismissed.

## CONCLUSION

For all of the above reasons, Defendant Jennifer Smith's motion to dismiss for failure to state a claim upon which relief could be granted pursuant to Fed. R. Civ. P. 12(b)(6), should be allowed, and Plaintiff's Complaint against Defendant Jennifer Smith should be dismissed with prejudice.

This the 10th day of January, 2025.

                                          BAILEY & DIXON, LLP

                                          By: /s/ J.T. Crook_____
                                               J.T. Crook (jcrook@bdixon.com)
                                               N.C. State Bar No. 35232
                                             Attorneys for Defendant
                                             Post Office Box 1351
                                             Raleigh, North Carolina 27602
                                             Telephone: (919) 828-0731

## CERTIFICATE OF SERVICE

The undersigned attorney for Defendant Jennifer R. Smith hereby certifies that a copy of the foregoing was filed this day with the United States District Court for the Eastern District of North Carolina using the CM/ECF system for all registered parties, and also duly served by United States Mail, first-class postage pre-paid, and addressed as follows:

> Timothy Hankins
> 60 Randolphville Rd. NE
> Bolivia, NC 28422
> hankinsomar@gmail.com
> *Plaintiff*

This the 10th day of January, 2025.

> BAILEY & DIXON, LLP
>
> By: /s/ J.T. Crook
> J.T. Crook (jcrook@bdixon.com)
> N.C. State Bar No. 35232
> Attorneys for Defendant
> Post Office Box 1351
> Raleigh, North Carolina 27602
> Telephone: (919) 828-0731
> Facsimile: (919) 828-6592