IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
Eastern Division
Case No. 7:24-cv-1112-M-KS

| | |
|---|---|
| TIMOTHY OMAR HANKINS, SR. ) | |
| ) | |
| Plaintiff, ) | **TRUIST BANK'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| ) | |
| v. ) | |
| ) | |
| WELLS FARGO BANK *et al.*, ) | |
| ) | |
| Defendants. ) | |

_____

Defendant Truist Bank, including Truist Financial Corporation and Scott Stengel (collectively, "Truist"),[1] hereby submits this response in opposition to Plaintiff's motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure.

## PROCEDURAL HISTORY

Plaintiff filed his *pro se* Complaint in this matter on December 13, 2024 [DE #1], as amended by Amended Complaint filed on December 19, 2024 [DE #6], as further amended by Amended Complaint filed on December 23, 2024 [DE #21].

_____

[1] Out of an abundance of caution, counsel includes Truist Financial Corporation and Truist Bank's general counsel, Scott Stengel, because both are referenced, without distinction from Truist Bank, in Plaintiff's filings. Truist Bank is the successor by merger to SunTrust Bank.

Therein, Plaintiff makes reference to Truist [DE #1, pars. 2-3], though Truist cannot identify any legal claim or cause of action alleged against it.

Plaintiff served a copy of his Complaint to Truist at its corporate headquarters via U.S Mail on December 19, 2024. Plaintiff thereafter moved for an extension of time to answer or otherwise respond to Plaintiff's Complaint for an additional twenty-one (21) days, until and including January 30, 2025.[2] Plaintiff's motion [DE #19] was granted by order of this court [DE #27] entered on January 6, 2025.

On January 27, 2025, before the deadline for Truist's responsive pleading, Plaintiff filed a "Response" [DE #98] wherein Plaintiff incorporated a request for default judgment pursuant to Rule 55. On January 30, 2025, Truist timely filed its motion to dismiss Plaintiff's Complaint [DE #102] for failure to state a claim upon which relief may be granted. Truist's motion to dismiss was filed prior to expiration of the deadline for its responsive pleading.

Out of an abundance of caution and despite the overt defect in Plaintiff's request for default judgment, Truist submits this response in opposition.

---

[2] Rather than take issue with service defects and the extension of deadlines caused by Plaintiff's purported Amended Complaints, Truist chose to accept the original date of service of Plaintiff's Complaint, obtain a short extension to prepare its motion to dismiss, and proceed to advance Truist's part in this case toward disposition without delay.

2

# ARGUMENT

## I. PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT FAILS BECAUSE TRUIST TIMELY MOVED TO DISMISS PLAINTIFF'S COMPLAINT.

### A. Legal Standard.

Entry of default is only appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Default cannot be entered during the period of an extension of time to file a responsive pleading. See Howell v. Wood, No. 5:17-CV-93-BO, 2018 WL 1369916, at *3 (E.D.N.C. Mar. 16, 2018), aff'd, 731 F. App'x 229 (4th Cir. 2018) ("The Court having previously allowed the [ ] defendants an extension of time to respond to the complaint, and such defendants having filed a motion to dismiss within the time allowed, entry of default is not appropriate."). A timely filed motion to dismiss pursuant to Rule 12 precludes entry of default. Fed. R. Civ. P. 12(a)(4); Hudson v. State of N.C., 158 F.R.D. 78, 80 (E.D.N.C. 1994), ("Thus, it is clear that if a Motion to Dismiss, pursuant to Rule 12, is timely filed, the action is defended and default should not be entered.").

### B. Truist's timely filed motion to dismiss precludes Plaintiff's request for default judgment.

Pursuant to the extension of time allowed by this court's order on January 6, 2025 [DE #27], Truist's responsive pleading to Plaintiff's Complaint was not due

3

until January 30, 2025. On January 30, 2025, before expiration of the deadline for its responsive pleading, Truist timely filed its motion to dismiss Plaintiff's Complaint [DE #102] for failure to state a claim upon which relief may be granted. Truist's motion to dismiss precludes entry of default and Plaintiff's motion for default judgment.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for default judgment against Truist must be denied.

Respectfully submitted, this 17th day of February 2025.

WOMBLE BOND DICKINSON (US) LLP

By: /s/ Richard A. Prosser
Richard A. Prosser
N.C. State Bar No. 38443
Email: richard.prosser@wbd-us.com
Eudora F.S. Arthur
N.C. State Bar No. 59854
Email: dorie.arthur@wbd-us.com
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Phone: (919) 755-2189
Fax: (919) 755-6089

*Counsel for Defendant Truist Bank*

## CERTIFICATE OF SERVICE

On February 17, 2025, the undersigned electronically filed the foregoing **RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record and Plaintiff, appearing *pro se*, as a registered recipient.

By: /s/ Richard A. Prosser
Richard A. Prosser