IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:24-CV-1112-M-KS

| | |
|---|---|
| TIMOTHY HANKINS, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| WELLS FARGO BANK et al., | ) |
| Defendants. | ) |

This matter is before the court on the following motions filed by Plaintiff, Timothy Hankins:

    1.    Plaintiff's Motion for Default Judgment as to Defendants Wells Fargo Bank, Wake County, Town of Garner, City of Raleigh, Michael J. Denning, John Brian Ratledge, Leigth Stalling, Nancy Lorrin Freeman, Pamela Reese, Whole Foods Market, Bank of America, Truist Financial Corporation, Zurich Insurance, James R. Levinson, Chad Everett Axford, Kathleen Murphy, Mary Jean Gurganus, John M. Oliver, Christopher Mann, Stacey Carless, and C. Melody Davalos, Charles Gilliam, Lori Gaines, Trucphuong T. Nguyen, and Jaime Daniel Pacheco [DE #98];[1]

    2.    Plaintiff's Motion for Entry of Default as to Defendant Whole Foods Market [DE #164];

    3.    Plaintiff's Motion for Entry of Default as to Defendant Zurich Insurance [DE #165];

---

[1] Plaintiff's motion also seeks default judgments against Charles Gilliam, Lori Gaines, Trucphuong T. Nguyen, and Jaime Daniel Pacheco. However, these individuals are not defendants to the action, as the amended or supplemental complaint in which Plaintiff purported to name them was stricken. (*See* 2/19/25 Order [DE #150] (striking filing entitled "3rd Amended Complaint Adding Defendants" for failure to comply with Rule 15(a)).)

   4.  Plaintiff's Motion for Entry of Default as to Defendant John M. Oliver [DE #166];

   5.  Plaintiff's Motion for Entry of Default as to Defendant Michael J. Denning [DE #167];

   6.  Plaintiff's Motion for Entry of Default as to Defendant John Brian Ratledge [DE #168];

   7.  Plaintiff's Motion for Entry of Default as to Defendant Bank of America [DE #169];

   8.  Plaintiff's Motion for Entry of Default as to Defendant Wells Fargo Bank [DE #170];

   9.  Plaintiff's Motion for Entry of Default as to Defendant Charles Gilliam [DE #171];

   10.  Plaintiff's Motion for Entry of Default as to Defendant Chad Everett Axford [DE #172];

   11.  Plaintiff's Motion for Entry of Default as to Defendant James R. Levinson [DE #173];

   12.  Plaintiff's Motion for Entry of Default as to Defendant Trucphuong T. Nguyen [DE #174]; and

   13.  Plaintiff's Motion for Entry of Default as to Defendant Wake Medical Hospital [DE #175].

For the reasons set forth below, the court strikes Plaintiff's motion for default judgment and denies Plaintiff's other motions.

## DISCUSSION

### I. Charles Gilliam, Lori Gaines, Trucphuong T. Nguyen, & Jaime Daniel Pacheco

  In the motions presently before the court, Plaintiff seeks entry of default or default judgment against Charles Gilliam, Lori Gaines, Trucphuong T. Nguyen, and Jaime Daniel Pacheco. These individuals are not defendants to the action as the

2

amended or supplemental complaint in which Plaintiff purported to name them has been stricken by the court. (*See* 2/19/25 Order [DE #150] (striking filing entitled "3rd Amended Complaint Adding Defendants" for failure to comply with Rule 15(a)).) Accordingly, these motions are improper.

## II. Motions for Default Judgment

Plaintiff also seeks default judgment as to various defendants. Rule 55 of the Federal Rules of Civil Procedure sets forth the procedure for obtaining default judgment. "Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." 10A Wright & Miller, Fed. Prac. & Proc. § 2682 (4th ed. updated May 21, 2025); *see also Dingle v. Baggett*, No. 5:19-CV-00425-D, 2020 WL 4342212, at *3 (E.D.N.C. July 28, 2020) ("The court cannot grant a motion for default judgment if it has not first entered default.").

In this case, entry of default had not been entered as to any of the defendants prior to the filing of Plaintiff's motion for default judgment. Plaintiff's motion is therefore premature.

## III. Motions for Entry of Default

Rule 55(a) authorizes entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Here, each of the defendants against whom Plaintiff seeks entry of default has filed a Rule 12 motion to dismiss. (*See* DE ## 107 (Whole Foods Market), 153 (Zurich Insurance), 135

3

(John M. Oliver), 148 (Michael J. Denning & John Brian Ratledge), 96 (Bank of America), 94 (Wells Fargo Bank), 85 (Chad Everett Axford), 9 (James R. Levinson), 105 (Wake Medical Hospital).) The filing of such a motion "constitutes defending an action within the meaning of Rule 55(a)." *See Hudson v. North Carolina*, 158 F.R.D. 78, 80 (E.D.N.C. 1994). Accordingly, Plaintiff's motions for entry of default must be denied.

## CONCLUSION

For the foregoing reasons, the court ORDERS as follows:

1.    Plaintiff's Motion for Default Judgment [DE #98] is STRICKEN;

2.    Plaintiff's Motion for Entry of Default as to Defendant Whole Foods Market [DE #164] is DENIED;

3.    Plaintiff's Motion for Entry of Default as to Defendant Zurich Insurance [DE #165] is DENIED;

4.    Plaintiff's Motion for Entry of Default as to Defendant John M. Oliver [DE #166] is DENIED;

5.    Plaintiff's Motion for Entry of Default as to Defendant Michael J. Denning [DE #167] is DENIED;

6.    Plaintiff's Motion for Entry of Default as to Defendant John Brian Ratledge [DE #168] is DENIED;

7.    Plaintiff's Motion for Entry of Default as to Defendant Bank of America [DE #169] is DENIED;

8.    Plaintiff's Motion for Entry of Default as to Defendant Wells Fargo Bank [DE #170] is DENIED;

9.    Plaintiff's Motion for Entry of Default as to Defendant Charles Gilliam [DE #171] is STRICKEN;

10.    Plaintiff's Motion for Entry of Default as to Defendant Chad Everett Axford [DE #172] is DENIED;

11. Plaintiff's Motion for Entry of Default as to Defendant James R. Levinson [DE #173] is DENIED;

12. Plaintiff's Motion for Entry of Default as to Defendant Trucphuong T. Nguyen [DE #174] is STRICKEN; and

13. Plaintiff's Motion for Entry of Default as to Defendant Wake Medical Hospital [DE #175] is DENIED.

This 2nd day of June 2025.

_Kimberly A. Swank_
KIMBERLY A. SWANK
United States Magistrate Judge