# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## SOUTHERN DIVISION
## FILE NO. 7:24-CV-01112-M-KS

TIMOTHY OMAR HANKINS, SR.

                      Plaintiff,

v.

WELLS FARGO BANK; et al.

                      Defendants.

## DEFENDANT WAKE COUNTY'S RESPONSE TO PLAINTIFF'S NOTICE OF SERVICE – CERTIFICATE OF SERVICE

NOW COMES Defendant Wake County ("County"), through undersigned counsel and pursuant to Local Civil Rule 7.1(f), hereby submits this Response to Plaintiff's "Notice Of Service – Certificate Of Service" [D.E. 218] ("Plaintiff's Notice"). The pleading could be interpreted as both an objection to this Court's August 4, 2025 Memorandum & Recommendation [D.E. 190] ("Court's M&R") and an attempt to cure the service of process issues under Rule 4 of the Federal Rules of Civil Procedure. As such, this Response is filed to preserve County's objections thereto.

## PROCEDURAL HISTORY

Plaintiff filed his Complaint on December 13, 2024 [D.E. 1] and an Amended Complaint [D.E. 6] alleging claims under 28 USC § 1331 (federal question), 28 USC § 1332 (diversity), 28 USC § 1343 (civil rights), 28 USC § 1348 (banking associations), 21 USC § 848 (continuing criminal enterprise), 18 USC § 1961(5) (pattern of racketeering activity), and 18 USC § 1595 (civil remedy for violations of 18 U.S. Code

Chapter 77). In his Complaint and Amended Complaint, Plaintiff names thirty-one (31) defendants and alleges that these defendants engaged in a wide-ranging conspiracy against Plaintiff. Plaintiff's Complaint states that he is seeking financial compensation [D.E. 1, p. 4]; however, no specific relief is sought. [D.E. 1, p. 28].

County filed a Motion to Dismiss in Lieu of Answer on January 30, 2025, [D.E. 111], arguing the allegations against it should be dismissed for insufficient service of process, sovereign immunity, failure to comply with the statute of limitations, and failure to allege sufficient facts to establish plausible liability against County. This Court granted the Motion to Dismiss on service of process grounds only and did not address the other arguments raised by County. [D.E. 190]. This Court's M&R stated Plaintiff failed to

> demonstrate proper service on the County. Plaintiff's proof of service indicates that he attempted to serve the County by certified mail addressed to "Scott Warren (County Attorney)." (Proof Serv. [DE #4] at 47.) Plaintiff has not provided proof that he served a copy of the summons and complaint upon the county manager, chairman, clerk, or a member of the county's board of commissioners. Nor has Plaintiff provided a certified mail receipt demonstrating that delivery was successfully made upon the recipient.

[D.E. 190, p. 2].

Plaintiff filed a Motion for Extension of Time to object to the Court's M&R, which was granted and extended the window to lodge such objections to September 22, 2025. [D.E. 214]. Plaintiff's Notice was filed on September 29, 2025, yet signed on September 20, 2025.

2

## ARGUMENT

**I.     Plaintiff failed to comply with the timing requirements of the Court and his pleading should not be considered by the Court.**

Plaintiff was required to file his objections to the Court's M&R by September 22, 2025. Plaintiff failed to do so. Instead, Plaintiff's Notice was filed on September 29, 2025, well after the September 22, 2025, deadline. Rule 6(d) of the Federal Rules of Civil Procedure fail to save his pleading, as the document was filed longer than the three days added under the Rule since Plaintiff does not participate in CM/ECF.

As such, Plaintiff's Notice was untimely and should not be considered by the Court.

**II.    Plaintiff's Notice fails to lodge objections grounded in the law sufficient to overcome the granting of County's Motion to Dismiss in the Court's M&R.**

Putting the timing issues of Plaintiff's Notice aside, the contents of the document fail to resemble any objection grounded in the law which would save the allegations against County. The pleading largely restates the many grievances he has against countless judges, attorneys, entities, governments, and people while including internal dialog of the world's issues. While these statements may be relevant to Plaintiff's allegations, they do not offer any legal analysis or justification as to why the Court's M&R should be overturned.

Further, the document appears to be an attempt to cure the service of process issues which created the basis for the Court's M&R. Indeed, Plaintiff's Notice fails to attach the summons or amended complaint, thereby rendering it unable to save his claims against the County.

3

As such, the dismissal of Plaintiff's claims under Rule 4 of the Federal Rules of Civil Procedure via the Court's M&R should be upheld.

## CONCLUSION

WHEREFORE, Defendant Wake County respectfully prays the Court enter an order dismissing this action as to this defendant with prejudice and for such other relief as to the Court may seem just.

This the 1st day of October, 2025.

WAKE COUNTY ATTORNEY'S OFFICE

By: */s/ Patrick J. Scott*
Roger A. Askew
NC State Bar No.: 18081
Patrick J. Scott
NC State Bar No.: 54985
P.O. Box 550
Raleigh, NC 27602
Roger.Askew@wake.gov
Patrick.Scott@wake.gov
*Attorneys for Defendant Wake County*

4

**CERTIFICATE OF WORD COUNT**

I certify that the foregoing document complies with the type-volume limitations of Local Rule 7.2(f) excluding those portions exempted thereunder, and includes 733 words.

This the 1st day of October, 2025.

WAKE COUNTY ATTORNEY'S OFFICE


By:      */s/ Patrick J. Scott*
       Roger A. Askew
       NC State Bar No.:  18081
       Patrick J. Scott
       NC State Bar No.:  54985
       P.O. Box 550
       Raleigh, NC 27602
       Roger.Askew@wake.gov
       Patrick.Scott@wake.gov
       *Attorneys for Defendant Wake County*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **DEFENDANT WAKE COUNTY'S RESPONSE TO PLAINTIFF'S NOTICE OF SERVICE – CERTIFICATE OF SERVICE** was electronically filed with the Clerk of Court using the CM/ECF filing system and served via electronic transmission through the Court's CM/ECF system in accordance with Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure and applicable local rules upon the CM/ECF participants. Further, undersigned hereby certifies that the foregoing Response was served upon Plaintiff via United States Mail in compliance with Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure at the address below as listed in CM/ECF:

> Timothy Hankins
> 60 Randolphville Rd. NE
> Bolivia, NC 28422
> 919-337-7262
> *Pro Se Plaintiff*

This the 1st day of October, 2025.

> */s/ Patrick J. Scott*
> Patrick J. Scott
> NC State Bar No.:  54985
> Post Office Box 550
> Raleigh, North Carolina 27602
> Phone: (919) 856-5500
> Fax:   (919) 856-5504

6