IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:24-CV-01112-M

TIMOTHY OMAR HANKINS,

    Plaintiff,

v.

WELLS FARGO BANK, et al.,

    Defendants.

ORDER

This matter comes before the court on three Memoranda and Recommendations ("M&Rs") issued by United States Magistrate Judge Kimberly A. Swank: the July 31, 2025, M&R recommending the dismissal of Plaintiff's claims against the Town of Garner ("Garner"), DE 188; the August 4, 2025, M&R recommending the dismissal of Plaintiff's claims against Wake County, DE 190; and the August 4, 2025, M&R recommending the dismissal of Plaintiff's claims against the City of Raleigh ("Raleigh"), DE 191. Collectively, these three M&Rs recommend that this court grant the municipal defendants' motions to dismiss for insufficient service of process and lack of personal jurisdiction. DE 52, 109, & 110.

Specifically, Judge Swank found that Plaintiff "attempted to serve [Garner] by certified mail addressed to the [Garner's] attorney, Terri Jones," DE 188 at 2, "attempted to serve [Wake] County by certified mail addressed to 'Scott Warren (County Attorney),'" DE 190 at 2, and "attempted to serve [Raleigh] by certified mail addressed to Karen M. McDonald, [Raleigh's] Attorney," DE 191 at 2. However, Rule 4(j)(2) of the Federal Rules of Civil Procedure governs service upon municipalities and requires service to be effected by "delivering a copy of the summons and of the complaint to [the municipality's] chief executive officer" or by serving the

municipality in accordance with state law. Fed. R. Civ. P. 4(j)(2). Under North Carolina law, service upon a municipality may be effected by service upon the mayor, city manager, or city clerk. N.C. Gen. Stat. § 1A-1, Rule 4(j)(5). Thus, Judge Swank concluded that Plaintiff impermissibly attempted to serve all three municipalities through their attorneys, rather than by service of process upon the given municipality's executive officer. Judge Swank recommends dismissing Plaintiff's claims against these three defendants because by "fail[ing] to demonstrate proper service on the [municipal defendants], [Plaintiff] has also failed to establish that this court has personal jurisdiction over the [municipal defendants]." DE 188 at 3, 190 at 3, 191 at 3.

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the ... recommendation[ ] ... receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Plaintiff filed objections to the July 31, 2025, M&R on August 20, 2025, DE 202, and Garner responded on September 2, 2025, DE 207. In Plaintiff's objection, Plaintiff reiterates the thematic nature of his claims and asks that Garner "weave [sic] the right to service." DE 202 at 8. In reply, Garner argues that Plaintiff has, therefore, not "demonstrate[d] proper service," "establish[ed] ... personal jurisdiction," or "specifically identif[ied] the portions of the [M&R] to which objection is made." DE 207 at 2–3. On August 20, 2025, Plaintiff filed a document that purportedly contained his objections to the August 4, 2025, M&Rs. DE 204. However, because

2

"that document does not identify the M&R against which it lodges objections and is thirty-two pages in length," the court ordered it stricken and allowed Defendant a further opportunity to "file a document containing his objections, which is no longer than ten pages in length, and which specifies the M&R against which his objection(s) are lodged, in compliance with the Local Civil Rules." DE 225 at 2. Plaintiff has not filed any such document regarding the August 4, 2025, M&Rs; instead, Plaintiff filed two documents containing various allegations of Federal Questions. DE 226 & 227.

Although Plaintiff has not lodged specific and timely objections, out of an abundance of caution given Plaintiff's *pro se* status, the court has conducted a *de novo* review. As explained above, Plaintiff has attempted to serve the three municipal defendants impermissibly through their attorneys rather than executive officers. DE 98-3 at 33 (proof of service on "Terri Jones, Attorney for the Town of Garner"), 35 (proof of service on "Karen Musgrave McDonald-City Attorney for Raleigh, NC"), & 37 (proof of service on "Scott Warren for Wake County"). Plaintiff failed to properly serve Garner, Wake County, and Raleigh. Accordingly, the court lacks personal jurisdiction over Garner, Wake County, and Raleigh. The court overrules Plaintiff's objections and adopts in full the rationales and conclusions of the three M&Rs. DE 188, 190, 191. The municipal defendants' Motions to Dismiss, DE 52, 109, & 110, are GRANTED. Plaintiff's claims against Garner, Wake County, and Raleigh are thus DISMISSED for insufficient service of process and lack of personal jurisdiction.

SO ORDERED this \_\_\_5th\_\_\_ day of January, 2026.

_Richard E Myers II_
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE