IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:24-CV-01112-M

TIMOTHY OMAR HANKINS,

    Plaintiff,

v.                                                                              ORDER

WELLS FARGO BANK, et al.,

    Defendants.

This matter comes before the court on a Memorandum and Recommendation ("M&R") issued by United States Magistrate Judge Kimberly A. Swank recommending the dismissal of Plaintiff's claims against all moving defendants.[1] DE 198. Judge Swank recommends dismissing Plaintiff's claims against North Carolina and its officials because those claims are barred by the Eleventh Amendment immunity, DE 198 at 10–12, and dismissing Plaintiffs remaining claims, which purportedly arise under Title 18 of the United States Code and 42 U.S.C. § 1983, because those claims fail to state claims upon which relief can be granted, DE 198 at 13–18. For the reasons explained below, the court adopts in full the rationale and conclusion of the M&R. DE 198. The Defendants' individual Motions to Dismiss are GRANTED. DE 9, 46, 59, 85, 94, 96, 100, 102, 105, 107, 113, 117, 119, 126, 131, 135, 148, & 153.

---

[1] On January 5, 2026, this court adopted Judge Swank's M&Rs at DE 199, 190, and 191, thus dismissing Plaintiff's claims against the Town of Garner, Wake County, and the City of Raleigh. DE 228. As explained in that order, because Plaintiff did not properly serve those municipalities, the court lacked personal jurisdiction over them in this matter. DE 228.

*Background*

This is the most recent in Plaintiff's long line of complaints emanating from state domestic court proceedings between Plaintiff and his former wife, Sardia Marie Porter Hankins. *See Hankins v. N.C. et al.*, no. 7:18-CV-37 (E.D.N.C. 2018); *Hankins v. N.C. et al.*, no. 7:18-CV-61 (E.D.N.C. 2018); *Hankins v. U.S.*, 7:20-CV-179 (E.D.N.C. 2020); and *Hankins v. Wake County*, 7:22-CV-152 (E.D.N.C. 2022). Plaintiff alleges the existence of a long standing and widespread conspiracy among various state and private actors which, through those state court proceedings, purportedly has deprived Plaintiff of rights and property. DE 1.

As Judge Swank explains in the M&R, Plaintiff's complaints seemingly originate from his separation proceedings. Plaintiff and Porter Hankins "separated in 2014," and Porter Hankins sought equitable distribution in 2015. DE 198 at 4. In 2018, following the separation, Defendant Judge Michael J. Denning ordered equitable distribution that awarded Porter Hankins "$681,970.00, including proceeds from the sale of real property located at 610 E. Martin Street in Raleigh, which funds were being held in escrow by the closing attorney." DE 198 at 5. Plaintiff, apparently, filed for bankruptcy following that award. But, because Plaintiff "expressed in no uncertain terms that he [would] not voluntarily [work] so long as there is a risk that [Porter-Hankins] will receive any profits from his work," Plaintiff's bankruptcy was dismissed for his refusal to be a "willing participant in efforts to satisfy his debts and gain a fresh start." DE 198 at 5–6.

*Judge Swank's Recommendations*

Judge Swank divides Plaintiff's remaining claims into two categories: those that are barred by the Eleventh Amendment or other immunity and those that are not.

2

As for the first category, Plaintiff brings claims against Leigh Stallings (former Family Court Administrator for Wake County), Judge Michael Denning (former District Court Judge for Wake County), Judge John Brian Ratledge (District Court Judge for Wake County), Pamela Reese (former Family Court Case Coordinator), N. Lorrin Freeman (District Attorney for North Carolina's 10th Prosecutorial District), State of North Carolina, Governor Josh Stein, and Attorney General Jeff Jackson. DE 1. Those defendants (collectively, the "State Defendants"), moved to dismiss Plaintiff's claims on the grounds that Plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution. DE 148.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Thus, "[u]nder the Eleventh Amendment, . . . neither a State nor its officials in their official capacity may be sued for damages in federal court without their consent." *Gamache v. Cavanaugh*, 82 F.3d 410, 1996 WL 174623, at *1 (4th Cir. 1996). Applying these standards, Judge Swank explains that Plaintiff neither "includes [] allegations from which it may be inferred that the State of North Carolina has waived its immunity with respect to Plaintiff's claims," nor "invoke[s] a federal statute that abrogates North Carolina's Eleventh Amendment immunity." DE 198 at 11–12. Judge Swank further explains that Plaintiff's "claims against Judges Denning and Ratledge are [] barred by judicial immunity." DE 198 at 12. Thus, Judge Swank concludes that "Plaintiff has failed to meet his burden of demonstrating this court has subject-matter jurisdiction"

3

and recommends that this court grant the State Defendants' motion on Eleventh Amendment grounds. DE 198 at 12.[2]

As for Plaintiff's claims against the remaining Defendants, Judge Swank recommends dismissing those claims for failing to state claims on which relief can be granted, consistent with the Defendants' many motions under Rule 12(b)(6) of the Federal Rules of Civil Procedure. DE 198 at 13–18. Regarding Plaintiff's claims under 18 U.S.C. §§ 241 and 242, Judge Swank explains that the claims are "not cognizable," as federal criminal statutes "do not create a private right of action." DE 198 at 13 (citing *El-Bey v. N.C. State Bar*, No. 5:15-CV-44-H, 2015 WL 5703773, at *2 (E.D.N.C. 2015)). As for Plaintiff's claims under 18 U.S.C. §§ 1589 and 1595, which provide a private right of action, Judge Swank recommends dismissing Plaintiff's claims because "[a]t no point does Plaintiff allege he was the victim of trafficking, slavery, or involuntary servitude by any Defendant." DE 198 at 14; *see* 18 U.S.C. § 1595(a) ("An individual who is a victim of [trafficking or involuntary servitude] may bring a civil action against the perpetrator . . . and may recover damages and reasonable attorneys fees."); *see also Doe (L.M.) v. 42 Hotel Raleigh, LLC*, 717 F. Supp. 3d 464, 468 (E.D.N.C. 2024) (recognizing "four elements for civil liability under § 1595").

Finally, Judge Swank recommends dismissing Plaintiff's § 1983 conspiracy claims on various grounds. First, "Plaintiff's complaint does not include facts sufficient to plausibly allege a § 1983 conspiracy claim against any Defendant," but instead "offers only baseless accusations that Defendants engaged in mortgage fraud, embezzlement, forgery, abuse of the law, and deprivation of Plaintiff's civil rights." DE 198 at 16. Further, "there is no connection alleged

---

[2] The Eleventh Amendment only bars claims against States and their officials, when those claims are for monetary damages and relate to officials acting in their official capacity. *See* U.S. Const. amend. XI. To the extent Plaintiff may additionally intend to bring claims not subject to immunity, those claims would still fail to state claims upon which relief can be granted for the reasons explained in this order.

4

between many of" the members of the allegedly widespread conspiracy. DE 198 at 17. Moreover, Judge Swank explains, Plaintiff has not included facts to meet Rule 9's heightened pleading standard for fraud claims," but has instead "include[d] only conclusory assertions of fraud" without offering any "particularized facts as to the alleged conspiracy and any overt acts taken in furtherance of the conspiracy." DE 198 at 17. And, because "Plaintiff's § 1983 conspiracy claims all appear to involve real estate or financial transactions that occurred in or before December 2017," they are barred by the applicable statutes of limitations. DE 198 at 18.

*Discussion*

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Plaintiff filed two documents that seemingly contain his objections to the M&R. DE 226 & 227. In the first document, titled "RULE 59 RECONSIDERATION" and "FEDERAL QUESTION," Plaintiff begins by describing his project: "If I [sic] was only allowed to ask a few questions they would be." DE 226 at 1. Plaintiff then poses those questions:

1. "When the law enforcement willingly with malice [sic] intent chooses not to properly investigate felonious activity for the purpose of perpetuating oppression, in furtherance of promoting poverty which creates additional criminal activity, does

5

[sic] these acts constitute a violation of rights protected by the 14th Amendment?" DE 226 at 1 (modifications in original);

2. "DOES THE LACK OF ACTION VIOLATE RIGHTS PROTECTED BY THE 14TH AMENDMENT?" DE 226 at 2 (modifications in original);

3. "DID THE BRUNSWICK COUNTY SHERIFF DEPARTMENT VIOLATE RIGHTS PROTECTED BY THE 14TH AMENDMENT & RIGHTS PROTECTED BY THE CIVIL RIGHTS ACT BY DENYING ME FULL AND EQUAL BENEFIT OF THE LAW????????" DE 226 at 2 (modifications in original);

4. "Are law enforcement constitutionally required by United States Law to protect the Citizens against felonious activity [?]," DE 226 at 2 (modifications in original)

5. "Do black citizens have to know all the Federal Rules of Civil procedure to receive protection against felonious activity?" DE 226 at 2 (modifications in original)

6. when court officers and state officials mislead people into taking possession of property that they clearly know does not belong to another person, does that constitute a conspiracy against rights and a violation of rights protected by the United States Constitution, injuring the person who actually owns the property." DE 226 at 2–3 (modifications in original).

Plaintiff then repeats his general allegations about a broad conspiracy between the various parties to deprive Plaintiff of his rights and property. DE 226 at 1–9.

Plaintiff also filed another document, at DE 227, titled "AMENDMEND [SIC] . . . RULE 59 RECONSIDERATION . . . FEDERAL QUESTION . . . 42 USC § 1981 AND § 1983 . . .

6

SERVICE." DE 227 at 1. In that document, Plaintiff indicates various bodies of federal law and repeats his broad allegations about the conspiracy. DE 227.

Plaintiff has not lodged specific objections. Indeed, based on Plaintiff's filings, he has merely disagreed with Judge Swank's interpretation of the significance of his factual allegations and highlighted different parts of federal law that might support his claims. DE 226, 227. However, out of an abundance of caution given Plaintiff's *pro se* status, the court has conducted a *de novo* review. As explained above, Plaintiff has attempted to sue North Carolina and several current and former state employees in their official capacities; the court lacks subject matter jurisdiction over those claims as they are barred by the Eleventh Amendment. Plaintiff's remaining claims rely on insufficient and vague factual allegations that do not meet the requisite pleading requirements; Plaintiff has not stated a claim upon which relief can be granted. The court overrules Plaintiff's objections and adopts in full the rationale and conclusions of the M&R. DE 198. The Defendants' remaining Motions to Dismiss, DE 9, 46, 59, 85, 94, 96, 100, 102, 105, 107, 113, 117, 119, 126, 131, 135, 148, & 153, are GRANTED. Plaintiff's claims against the moving Defendants are thus DISMISSED.

SO ORDERED this ____7th____ day of January, 2026.

_Richard E Myers II_
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

7